UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          CASE NO.:  15-25472-RAM
                                                Chapter 7

**PEGGY H. STARR**
_____Debtor._____/

**TRUSTEE'S EXPEDITED MOTION (1) FOR AUTHORITY TO SELL THE ESTATE'S RIGHT, TITLE, AND INTEREST IN PROPERTY *NUNC PRO TUNC* TO SEPTEMBER 21, 2015, AND (2) FOR AUTHORITY TO PAY LAKE PLACID MARINE**

> **The Trustee respectfully requests an expedited hearing on or before October 7, 2015, because the Proposed Buyer, a school that also runs a summer camp, requires title of the Boat in order to obtain insurance and use same with its class and camp curriculum.  The Trustee believes that the Buyer, without receipt of title, may demand an immediate refund of the sale proceeds.**

Ross below) *nunc pro tunc* to September 21, 2015, as described in the Sales Order attached hereto Hartog, as Chapter 7 Trustee of the Bankruptcy Estate of Peggy H. Starr (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105 and 363, and Federal Rule of Bankruptcy Procedure 2002, 6003 and 6004, and Local Rules 6004-1 and 9075-1, moves the Court for entry of an order authorizing the sale of Debtor's Property (defined.  In support of this motion (the "Motion"), the Trustee states as follows:

## I. <u>JURISDICTION AND VENUE</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (N).

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

4.      This case commenced on August 27, 2015 (the "Petition Date"), with the filing of a voluntary Chapter 7 bankruptcy petition by Peggy H. Starr (the "Debtor").  Ross R. Hartog was subsequently appointed as Chapter 7 Trustee.

5.      The Meeting of Creditors was held and concluded on September 29, 2015.

6.      Line 25 of the Debtor's Schedule "B" reflects the Debtor's ownership interest in a 2001 Sea-Doo/BRP Boat, with a scheduled value of $6,770.00 (the "Boat").

7.      The Debtor's Schedule "C" reflects that the Boat is not claimed as exempt.

8.      The Debtor's Schedule "D" reflects that there are no creditors holding secured claims in the Boat.

9.      At the Meeting of Creditors, the Debtor testified that the Boat was being marketed for sale.

10.     The Trustee advised the Debtor to inform him if any pending offers were recevied for the Boat.

## III.  <u>THE PROPOSED SALE</u>

11.     On October 1, 2015, the Trustee was notified by Debtor's counsel that the Boat, along with Boat's 2001 Mercury V6 motor and a 2001 Karavan Trailer, (collectively, the "Property") was sold by Lake Placid Marine (the "Broker") to The Master's Academy of Central Florida, Inc. (the "Proposed Buyer") on September 21, 2015 for $6,500.00 (the "Proposed Sale"), as defined in the Sale Order set forth on **<u>Exhibit A</u>**.

12.     The Broker charged a ten percent (10%) commission and repair of the Property for $750.00, as defined in the Broker's Invoice attached hereto as **<u>Exhibit B</u>**. Per the Broker's invoice, the Property had been marketed by the Broker on a consignment basis since November 7, 2014.

2

13. The Trustee believes that the Proposed Sale is the best way to monetize the Estate's right, title and interest in the Property, and thus, the Trustee asserts that the Proposed Sale to the Proposed Buyer, is in the best interest of the Estate and all creditors.

## V. <u>RELIEF REQUESTED</u>

14. Accordingly, the Trustee seeks approval of the Proposed Sale outside of the ordinary course of business, and pursuant to 11 U.S.C. § 363(b), which states: "[t]he Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

15. The Trustee also seeks approval of additional conditions to the such Proposed Sale including that the sale is made free and clear of all liens, claims, and encumbrances, on an "as-is, where-is" basis, and with no representations or warranties being made by the Trustee or his professionals to the Proposed Buyer.

16. And the Trustee seeks authority to close on the Proposed Sale immediately upon Court approval with the Proposed Buyer.  The Trustee also seeks authority to execute any and all documents he deems reasonable and necessary to effectuate the sale of the Property to the Proposed Buyer.

17. Section 363(b) of the Bankruptcy Code states: "The trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

18. Additionally, 11 U.S.C. § 363(f) permits the Trustee to:

> …sell property under subsection (b)…of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

3

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of the liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19.     With respect to satisfying the elements of the "sound business purpose" test,[1] the Trustee asserts that the Proposed Sale of the Property will maximize the value of the Estate's interest in the Property. The Property was in fact marketed for sale for over eight (8) months without any interest from any potential buyers. The Trustee asserts that the costs associated with finding another broker and marketing the Property for sale would not provide a better result than the Proposed Sale. In addition, creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale pursuant to this Motion.

20.     The Trustee believes that the Proposed Buyer is entitled to the protections of a good faith purchaser under 11 U.S.C. § 363(m).

21.     Finally, the Trustee seeks authority to pay the ten percent (10%) commission and repair expenses of the Broker from the proceeds of the Proposed Sale without the necessity of further notice of hearing.

**WHEREFORE**, Ross R. Hartog, as Chapter 7 Trustee of the Bankruptcy Estate of Peggy H. Starr, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) finding that cause exists to shorten the notice period for the hearing on the Proposed Sale; (3)

---

[1] See *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

shortening the notice period for the hearing on the Proposed Sale; (4) scheduling a hearing on this Motion and the Proposed Sale on an expedited basis; (5) approving the Proposed Sale to the Proposed Buyer on the conditions set forth above; (6) waiving the 14 day stay period pursuant to Rule 6004(h) in the event that the instant Motion is granted; (7) authorizing the Trustee to execute any and all documents he deems reasonable and necessary to effectuate the sale and transfer of the Property; (8) directing the Debtor to release the title to the Boat to the Trustee and/or the Broker, (9) authorizing the Trustee to pay the Broker the ten percent (10%) commission and repair expenses; and (10) granting such other and further relief as this Court deems just and proper.

Dated:  October 1, 2015          **MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.**
                                 *Counsel to Chapter 7 Trustee*
                                 9130 South Dadeland Boulevard, Suite 1800
                                 Miami, Florida  33156
                                 Tel. (305) 670-5000
                                 Fax. (305) 670-5011

                                 By: /s/ *John H. Lee*
                                     John H. Lee, Esq.
                                     Florida Bar No. 91795
                                     jlee@mrthlaw.com